## Commonwealth v. Latterman

*James J. Logan,* for Commonwealth.
*John E. Brenneman,* for defendant.

NILES, P. J., April 13, 1938.—On March 23, 1938, the petition of William R. Latterman was presented and a rule issued to show cause why a criminal information should not be dismissed and he be released from custody. The information attacked was based upon the oath of G. J. Sweeney, of the Pennsylvania State Motor Police, charging that William R. Latterman did attempt to evade the provisions of the Liquid Fuel Act by offering one small can of household oil with a purchase of $1 worth

of merchandise, and did put an advertisement in the York Dispatch on Friday, January 7, 1938, offering a four-ounce can of household oil with each purchase, contrary to the Act of June 2, 1937, P. L. 1193, sec. 3(c) of the Liquid Fuel Act in such case made and provided. The Act of 1937, supra, under which the information is drawn, became effective by its term July 1, 1937.

The main argument in support of the motion to quash the information is that the act is unconstitutional because its title is not sufficiently indicative of its purpose as applicable to the charge against defendant.

The title contains the words:

"To protect the public against fraud and deception; regulating the business of selling liquid fuels . . . and prescribing penalties."

It does not seem that the title could possibly mislead. Persons engaged in the business of selling liquid fuel must necessarily have their attention directed to the provisions of the act. Section 3 provides:

"(b) No person shall sell, or offer to sell, or cause to be sold, any liquid fuels at a price different from the price thereof so posted as required by this act.

"(c) No person shall, in an attempt to evade the provisions of this act, give, or offer to give, any liquid fuels or any service . . . merchandise for which payment is ordinarily required to any purchaser or prospective purchaser of any liquid fuels."

There is no constitutional prohibition depriving the legislature of its inherent power to regulate the conduct of sellers of liquid fuel, and make it unlawful, as section 7 of the act does, for any person in an attempt to evade the provisions of the act, to give any liquid fuel, or any merchandise or anything of value, or any service for which payment is ordinarily required of any purchaser or prospective purchaser of any liquid fuel; and to make violations of the provisions of the act misdemeanors.

We are not convinced that the act under which this information is drawn violates any constitutional provision or rule of law or public policy. The legislature had the authority to prohibit the giving of anything of value with the sale of liquid fuel, and make disobedience a misdemeanor.

The information attacked charges with reasonable particularity the violation of the act on January 7, 1938.

And now, April 13, 1938, the prayer of the petition filed, on the part of defendant, March 28, 1938, is refused, and the rule thereon granted is discharged.